IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REMUS JOHNSON,

                             Plaintiff,

    v.

SCHOOL DIST. OF RHINELANDER
BOARD OF EDUCATION,

                             Defendant.

OPINION AND ORDER

23-cv-761-wmc

Plaintiff Remus Johnson brought this action under 20 U.S.C. §§1681-1688 ("Title IX") against defendant School District of Rhinelander Board of Education, claiming that the District discriminated against Johnson based on gender identity, nonbinary status, and nonconformity to sex-based stereotypes.  Present before the court are defendant's motions for summary judgment and to exclude and strike the expert testimony of Dr. David MacIntyre on the issues of liability and damages.  (Dkt. ##40, 63, and 67.)  For the following reasons, the court will stay the present action and strike the parties trial date and all pretrial filing deadlines.

In its order on defendant's motion to dismiss, the court noted that policies discriminating against a student based on their nonbinary identity appear to violate Title IX.  (Dkt. #16.)  This ruling relied in substantial part on the Seventh Circuit opinion *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034 (7th Cir. 2017) (abrogated on other grounds), which held that policies that discriminate against a student based on their gender nonconformance violate Title IX.  *See also A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760 (7th Cir. 2023).  However, at summary

judgment, defendant argues that since this court's order the precedential value of *Whitaker* and *Martinsville* has been called into question.  (Dkt. 41, at 13-15.)  Specifically, defendant refers this court to the Seventh Circuit's *sua sponte* decision vacating its opinion in *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025) then granting rehearing to consider whether it should overrule *Whitaker* and *Martinsville*.  Although the Seventh Circuit later dismissed the Mukwonago interlocutory appeal for lack of jurisdiction after the lower court dissolved an underlying preliminary injunction, the Seventh Circuit halted further proceedings in a second appeal in *Martinsville* until the Supreme Court issues its potentially controlling opinion in *West Virginia v. B.P.J.*, No. 24-43 (argued January 13, 2026).

With the Seventh Circuit obviously concerned about the uncertainty in the law, this court will do the same, staying these proceedings until 14 days after the Supreme Court's decision in *West Virginia v. B.P.J.*, at which time the parties must file supplemental memoranda recommending how the court should proceed with respect to defendant's motion for summary judgment.

The parties briefing deadlines for defendant's motion to strike, dkt. #67, are not impacted by this order.

ORDER

IT IS ORDERED that:

1) The trial date and all pre-trial filing requirements in the current scheduling order (dkt. #26) are STRUCK and this matter is STAYED until 14 days after the Supreme Court's decision in *West Virginia v. B.P.J.*, No. 24-43.

2) At that time, the parties SHALL file supplemental memoranda recommending how the court should proceed with respect to defendant's motion for summary judgment. (Dkt. #40.)

Entered this 30th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3